# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** David Brian Derringer

**Case Number:** 04-17330

### Document Information

**Description:** Order Denying [91-1] Emergency Motion For Immediate Change in Venue by David Brian Derringer.

**Received on:** 2005-01-14 10:05:40.000

**Date Filed:** 2005-01-14 00:00:00.000

**Date Entered On Docket:** 2005-01-14 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER,  No. 13-04-17330 MA

    Debtor.

## ORDER DENYING EMERGENCY DEBTOR'S MOTION FOR IMMEDIATE CHANGE IN VENUE

THIS MATTER is before the Court on the Emergency Debtor's Motion for Immediate Change in Venue ("Motion for Change of Venue") filed by the Debtor, *pro se*. Change of venue for bankruptcy matters is governed by 28 U.S.C. § 1412 which provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.
>
> 28 U.S.C. § 1412.

Similarly, Rule 1014(a)(1), Fed.R.Bankr.P. provides that a "case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." Rule 1014(a)(1), Fed.R.Bankr.P.

Whether to transfer venue lies within the discretion of the bankruptcy court. *In re Condor Exploration, LLC,* 294 B.R. 370, 377 (Bankr.D.Colo. 2003). In considering a request for change of venue, it is appropriate for the Court to consider the following criteria:

    1. The proximity of creditors of every kind to the court;
    2. The proximity of the debtor to the court;
    3. The proximity of the witnesses necessary to the administration of the estate;
    4. The location of the assets;
    5. The economic administration of the estate;
    6. The necessity for ancillary administration if bankruptcy should result

    *Id.* at 378.

The Motion for Change of Venue is not premised on any of these criteria, focusing instead on the need to change venue "in the interests of justice" based on Debtor's allegations that he is not able to "get a fair and equitable trial or hearings within this venue and certainly no 'justice' under [the] Constitution." (Motion for Change of Venue, p. 1). As noted by the bankruptcy court in *In re Pinehaven Associates,* 132 B.R. 982, 990 (Bankr.E.D.N.Y. 1991), "'the interest of justice' is a separate component of a § 1412 transfer of venue analysis." An analysis of the interest of justice component of 28 U.S.C. § 1412 would include an "inquiry as to the forum which facilitates the efficient, proper and expeditious functioning of the courts" and consideration of "the desirability of having a judge familiar with applicable law hear and determine issues arising in the case." *Id.* (citations omitted). The Debtor resides in New Mexico, and the assets of the bankruptcy estate are in New Mexico, as are the Debtor's largest creditors. Any state law issues that might be implicated in the bankruptcy are most likely to involve New Mexico law. Therefore, venue is properly in this Court.

Debtor's Motion to Change Venue alleges that several of Debtor's Constitutional rights have been violated. These arguments raise jurisdictional concerns, but are not relevant to a request for change of venue. *See In re AP Indus., Inc.,* 117 B.R. 789, 797 (Bankr.S.D.N.Y. 1990) (noting that "venue statutes do not involve considerations of subject matter jurisdiction").

WHEREFORE, having raised no grounds upon which change of venue should be granted under 28 U.S.C. § 1412,

IT IS HEREBY ORDERED that Debtor's Motion for Change of Venue is DENIED.

2

MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.'

David Derringer
Debtor, *pro se*
Box 157
Quemado, NM 87829

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

3