# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** David Brian Derringer

**Case Number:** 04-17330

### Document Information

**Description:** Order Denying [109-1] Motion To Recuse Judge McFeeley by David Brian Derringer.

**Received on:** 2005-02-02 14:25:48.000

**Date Filed:** 2005-02-02 00:00:00.000

**Date Entered On Docket:** 2005-02-03 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: DAVID DERRINGER, No. 13-04-17330 MA

Debtor.

## ORDER DENYING DEBTOR'S MOTION TO RECUSE

THIS MATTER is before the Court on Debtor David Derringer's Motion to Recuse Judge McFeeley Pursuant to Title 28 Section 455(a)(1) Due to Bias, Prejudice, and Criminal Acts Against the Debtor Under the Meaning of Title 18 U.S.C. Section 241 and Title 18 U.S.C. Section 242 of Constitutional Deprivations of the 8th, 13th, and 14th Amendment, and Deprivations Under Federal Laws Title 42 Section 1981(a) and Title 42 Section 1982 ("Motion"). After reviewing the Motion, and being otherwise sufficiently informed, the Court finds that recusal is unwarranted, and the Motion should therefore be denied.

Recusal is warranted pursuant to 28 U.S.C. §455 where "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "[R]ecusal is necessary if there is evidence of actual bias. . ." *Frates v. Weinshienk,* 882 F.2d 1502, 1504 (10th Cir. 1989). However, unless it can be shown that there is pervasive bias against a party, the alleged bias must be based on extra-judicial conduct. *Gokey v. McIntosh (In re McIntosh),* 137 B.R. 967, 970 (D.Colo. 1992) (citing *United States v. Page,* 828 F.2d 1476, 1481 (10th Cir. 1987). "Consistent adverse rulings, without more, is not a reason for recusal . . ." *Id.* (citation omitted). Moreover, "'[t]here is as much obligation for a judge not to recuse when there is no occasion . . . to do so as there is . . . to [recuse] when there is.'" *In re American Ready Mix, Inc.,* 14 F.3d 1497, 1501 (10th Cir. 1994) (quoting *Hinman v. Rogers,* 831 F.2d 937,

938 (10th Cir. 1987)). Finally, "'[a] judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation.'" *Id.*

Debtor's unsupported allegations fail to meet these standards. "The [recusal] statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993). Recusal is, therefore, unnecessary and unwarranted.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is DENIED.

'

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer, *pro se*
Box 157
Quemado, NM 87829

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545