Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer |
| **Case Number:** | 04-17330 |

## Document Information

| | |
|---|---|
| **Description:** | Order Denying Remainder of [85-1] Motion to take Judicial Notice by David Brian Derringer and Order Denying Remainder of [90-1] Motion for a New Trial; Amendment of Judgment; and Relief Judgment or Order; of the December 23, 2004 Order on Chapels' Motion to Modify Automatic Stay by David Brian Derri |
| **Received on:** | 2005-02-02 14:27:46.000 |
| **Date Filed:** | 2005-02-02 00:00:00.000 |
| **Date Entered On Docket:** | 2005-02-03 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER,   No. 13-04-17330 MA

Debtor.

### ORDER DENYING REMAINDER OF DEBTOR'S MOTION TO TAKE JUDICIAL NOTICE AND REQUEST FOR RELIEF, AND MOTION FOR PERMANENT RESTRAINING ORDER AGAINST MICK CHAPEL, JENNIFER CHAPEL, AND JOSEPH MANGES

THIS MATTER is before the Court on the Motion to Take Judicial Notice and Request for Relief, and Motion for Permanent Restraining Order Against Mick Chapel, Jennifer Chapel, and Joseph Manges ("Motion"), filed by Debtor David Derringer, *pro se*. The Court previously entered an order denying the Motion to the extent it sought injunctive, or other equitable relief. (*See* Docket # 36, entered November 19, 2004). In accordance with the Court's oral ruling at the conclusion of the final hearing held January 31, 2005 on the remaining issues raised in the Motion, the Court FINDS:

1. Debtor listed Joseph Manges, Mick Chapel, and Jennifer Chapel (together "Creditors") as creditors on his bankruptcy statements and schedules.

2. Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code on October 6, 2004.

3. The Court sent notice of the bankruptcy filing to all creditors on October 8, 2004.

4. October 8, 2004 was a Friday.

5. The acts of which Debtor complains were taken by Creditors in violation of the automatic stay occurred on October 7, 2004, when Joseph Manges mailed an Amended Notice of Sale to the Seventh Judicial District Court for filing in Case No. D-0728-CV-2002-19, and on October 12, 2004,

when the clerk of the Seventh Judicial District Court file-stamped the Amended Notice of Sale. *See* Exhibit B.

6. There is no evidence that any further action was taken by Joseph Manges, Mick Chapel or Jennifer Chapel in an attempt to take property of the Debtor after October 7, 2004. Creditors were not required to attempt to retract or withdraw the Amended Notice of Sale mailed to the Seventh Judicial District Court on October 7, 2004 and file-stamped on October 12, 2004.

7. Pursuant to 11 U.S.C. § 362(h), "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

8. Debtor bears the burden of showing a willful violation of the automatic stay. *In re Georgetown Steel Co., LLC,* 318 B.R. 313, 334 (Bankr.D.S.C. 2004) ("Debtor bears the burden of proof on this issue [stay violation] and must prove the stay violation by clear and convincing evidence.") (citations omitted). A stay violation is "willful" if a creditor knew of the existence of the automatic stay and intended the actions that violated the stay. *In re Diviney,* 225 B.R. 762, 774 (10th Cir. BAP 1998) ("A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.") (citation omitted).

9. Debtor has not met his burden of showing a willful violation of the automatic stay by clear and convincing evidence. Debtor testified that he sent a facsimile to Joseph Manges on October 7, 2004 notifying him of the filing of the bankruptcy, and that Joseph Manges "probably" sent the Amended Notice of Sale to the Seventh Judicial District Court for filing after receiving the facsimile.

2

There is no evidence that the facsimile was in fact received on that day. (*See* Exhibit A - no facsimile receipt information reflected on the face of the document). The notice of bankruptcy mailed to Creditors by the Clerk of the Bankruptcy Court was not to mailed to all creditors until Friday, October 8, 2004. Mr. Manges mailed the Amended Notice of Sale to the Seventh Judicial District Court on October 7, 2004.

10. The judgments against the Debtor that Debtor continues to assert violate his constitutional rights are final, enforceable judgments that have *res judicata* effect. *See In re Heghmann,* 316 B.R. 395, 402 (1st Cir. BAP 2004) ("The doctrine of res judicata bars all parties and their privies from relitigating issues which were raised or could have been raised in a previous action, once a court has entered a final judgment on the merits in the previous action.") (citation omitted).

11. Even if *res judicata* were inapplicable, this Court has no authority to reconsider or overrule final judgments entered by a state court. *See In re Armstrong,* 294 B.R. 344, 357 (10th Cir. BAP 2003) ("The Rooker-Feldman doctrine bars 'a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). "[T]he Rooker-Feldman doctrine prohibits federal courts from reviewing or changing a state court judgment." *Id.*

3

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Take Judicial Notice and Request for Relief, and Motion for Permanent Restraining Order Against Mick Chapel, Jennifer Chapel, and Joseph Manges is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer, *pro se*
Box 157
Quemado, NM 87829

Joseph E. Manges, *pro se* and as
Attorney for Mick and Jennifer Chapel
PO Box 669
Santa Fe, NM 87504-669

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

4