PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06   . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer |
| **Case Number:** | 04-17330 |

### Document Information

| | |
|---|---|
| **Description:** | Order  Granting in Part, Denying in Part [9-1] Motion For Order to Show Cause why Creditor Keleher and McLeod and Attorney Sean Olivas should not be held in contempt of court for violation of the automatic stay. by David Brian Derringer . |
| **Received on:** | 2005-02-15 14:24:48.000 |
| **Date Filed:** | 2005-02-15 00:00:00.000 |
| **Date Entered On Docket:** | 2005-02-16 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   DAVID DERRINGER,                                          No. 13-04-17330 MA

Debtor.

## ORDER GRANTING, IN PART, and DENYING, IN PART, DEBTOR DAVID DERRINGER'S MOTION FOR ORDER TO SHOW CAUSE AND FOR EXTREME SANCTIONS TO BE ASSESSED AGAINST CREDITOR KELEHER AND McLEOD AND ATTORNEY SEAN OLIVAS AND REQUEST FOR RELIEF

THIS MATTER is before the Court on the Debtor David Derringer's Motion for Order to Show Cause and for Extreme Sanctions to be Assessed Against Creditor Keleher and McLeod and Attorney Sean Olivas and Request for Relief ("Motion"). The Motion seeks damages pursuant to 11 U.S.C. § 362(h) against Keleher & McLeod, P.A., attorney Sean Olivas, Judge Thomas G. Fitch, Judge Cynthia A. Fry, Judge Lynn Pickard, and Judge A. Joseph Alarid for alleged willful violations of the automatic stay imposed by 11 U.S.C. § 362. The Court held a final hearing on the Motion on January 31, 2005, after which the Court took the matter under advisement.

After considering the Motion and the evidence presented at the final hearing, the Court finds that Keleher & McLeod, P.A. and attorney Sean Olivas violated the automatic stay warranting both actual and punitive damages in accordance with 11 U.S.C. § 362(h). In reaching this determination, the Court FINDS:

1. Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code on October 6, 2004.

2. Prior to the filing of his bankruptcy petition, Debtor initiated three lawsuits in the United States District Court for the District of New Mexico identified as Case Number CIV-02-0974, Case

Number CIV-03-0804, and Case Number CIV-03-0149. Judge Fitch is a named defendant in all three cases. Judge Fry, Judge Pickard, and Judge Alarid are named defendants in Case Number CIV-03-0804.

3. The Motion seeks damages against Keleher & McLeod, P.A., attorney Sean Olivas, Judge Fitch, Judge Fry, Judge Pickard, and Judge Alarid pursuant to 11 U.S.C. § 362(h) for actions taken in connection with these three federal proceedings.

4. Debtor listed Keleher & McLeod, P.A., as a creditor on his bankruptcy statements and schedules, and both Keleher & McLeod, P.A. and Sean Olivas are listed on the Debtor's mailing list. Judge Fry, Judge Pickard, and Judge Alarid are not listed on the Debtor's mailing list. Judge Fitch is listed on the mailing list, but the address for Judge Fitch contained in the mailing list is care of attorneys Keleher & McLeod, P.A. and attorney Sean Olivas.

5. On October 8, 2004, the Office of the Clerk sent notice of Debtor's bankruptcy filing to all creditors and parties on the mailing list. (*See* Docket # 3).

6. On or about October 18, 2004, Judge Fitch, by and through his attorneys of record, Keleher & McLeod, P.A. (Sean Olivas), filed two documents in Case Number CIV-03-0149: 1) Defendant Judge Fitch's Notice of Completion of Briefing on Plaintiffs' Motion for Reconsideration of Memorandum Opinion and Order of March 29, 2004 Pursuant to Rules 59 & 60 and Request for New Trial; and 2) Defendant Judge Fitch's Notice of Completion of Briefing on Motion for Award of Attorneys' Fees and Memorandum in Support Thereof. (Exhibit A).

7. On October 20, 2004, Judge Fitch, by and through his attorneys of record, Keleher & McLeod, P.A. (Sean Olivas) filed two documents in Case Number CIV-02-0974: 1) Reply in Support

2

of Judge Thomas Fitch's Brief and Evidence on Reasonable Attorneys' Fees; and 2) Notice of Completion of Briefing on Judge Thomas Fitch's Brief and Evidence on Reasonable Attorneys' Fees. (Exhibit B).

8. On October 20, 2004, Judge Fitch, Judge Fry, Judge Pickard, and Judge Alarid, by and through their attorneys of record, Keleher & McLeod, P.A. (Sean Olivas) filed two documents in Case Number CIV-03-0804: 1) Reply in Support of Judges' Brief and Evidence on Reasonable Attorneys' Fees; and 2) Notice of Completion of Briefing on Judges' Brief and Evidence on Reasonable Attorneys' Fees. (Exhibit C).

9. Keleher & McLeod, P.A. and Sean Olivas had notice of the Debtor's bankruptcy filing as of the date they submitted the documents for filing in Case Numbers CIV 02-0974, CIV-03-0149, and CIV-03–0804.

10. There is no evidence that Judge Fitch, Judge Fry, Judge Pickard, or Judge Alarid received notice of Debtor's bankruptcy prior to the filing of these documents.

11. Debtor sent a letter to Sean Olivas on October 23, 2004 notifying Mr. Olivas of the bankruptcy filing and the imposition of the automatic stay. (Exhibit D).

12. There is no evidence that Keleher & McLeod, P.A., Sean Olivas, Judge Fitch, Judge Fry, Judge Pickard, or Judge Alarid took any action against Debtor or any property of the Debtor, or filed any documents in any of the three federal proceedings subsequent to October 23, 2004.

DISCUSSION

Upon the filing of a bankruptcy proceeding, the automatic stay imposed by 11 U.S.C. § 362 operates to stay the continuation of any proceeding against the debtor or to recover a claim against the

3

debtor that arose prior to the commencement of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1).

"The purpose of the automatic stay provided by 11 U.S.C. § 362 is to protect the debtor and his creditors by allowing the debtor to organize his affairs, and by ensuring that the bankruptcy procedure may operate to provide an orderly resolution of all claims ." *Pursifull v. Eakin,* 814 F.2d 1501, 1504 (10th Cir. 1987). If a creditor takes action against the debtor in an attempt to collect on a pre-petition claim in violation of the automatic stay, the debtor is entitled to recover damages. Pursuant to 11 U.S.C. § 362(h),

> [a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> 11 U.S.C. § 362(h).

An act taken in violation of the automatic stay is "willful" if the act was taken with knowledge that the automatic stay was in place and the act was intentional; specific intent to violate the automatic stay is not necessary for the act to be considered "willful" within the meaning of 11 U.S.C. § 362(h). *Diviney v. NationsBank of Texas, N.A. (In re Diviney),* 225, B.R. 762, 774 (10th Cir. BAP 1998) (citations omitted).

Debtor bears the burden of showing a willful violation of the automatic stay. *In re Georgetown Steel Co., LLC,* 318 B.R. 313, 334 (Bankr.D.S.C. 2004) ("Debtor bears the burden of proof on this issue [stay violation] and must prove the stay violation by clear and convincing evidence.") (citations omitted). There is no evidence that Judge Fitch, Judge Fry, Judge Pickard or Judge Alarid had knowledge of the Debtor's bankruptcy at the time documents were filed in the three federal proceedings. Judge Fry, Judge Pickard and Judge Alarid were not listed in the Debtor's statements or

4

schedules or on the mailing list. Judge Fitch was listed on the mailing list, but addressed care of Keleher & McLeod, P.A. The documents were filed in the three federal proceedings by Keleher & McLeod, P.A. and Sean Olivas on behalf of their clients. Debtor asserts that because the rules of professionalism obligate attorneys to keep their clients informed, Keleher & McLeod, P.A., and Sean Olivas must have informed their clients, Judge Fitch, Judge Pickard, Judge Fry, and Judge Alarid, of the filing of the Debtor's bankruptcy proceeding and the existence of the automatic stay. This assertion falls short of the required proof of knowledge of the automatic stay on the part of Judge Fitch, Judge Pickard, Judge Fry, and Judge Alarid for the Debtor to sustain a claim for violation of the automatic stay against these parties within the meaning of 11 U.S.C. § 362(h).

Keleher & McLeod, P.A. and Sean Olivas assert that because the three federal proceedings were initiated by the Debtor *against* Judge Fitch, Judge Pickard, Judge Fry, and Judge Alarid, the documents filed in the three proceedings cannot, as a matter of law, constitute actions taken against the Debtor in violation of the automatic stay, citing *Maritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194 (3rd Cir. 1991). In *Maritime Electric*, the Third Circuit examined the clear language of 11 U.S.C. § 362(a), which stays proceedings *against* a debtor, to conclude that cases brought *by* a debtor are not subject to the automatic stay. *Id.* at 1204 (citations omitted). The Third Circuit reasoned further that "[w]hether a specific judicial proceeding falls within the scope of the automatic stay must be determined by looking at the proceeding 'at its inception.'" *Id.* (quoting *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3rd Cir. 1982)). However, counterclaims brought by defendants to an action initiated by the debtor are subject to the automatic stay because they constitute proceedings against the debtor. *Id.* at 1205.

5

In *In re Way*, 229 B.R. 11 (9th Cir. BAP 1998), a case with facts remarkably similar to the facts in this proceeding, the Ninth Circuit Bankruptcy Appellate Panel held that post-petition actions taken by defendants to dismiss a state court proceeding initiated by the debtor did not violate the automatic stay, even though the original motion to dismiss filed by the defendants contained a request for attorneys' fees and costs incurred in defending the proceeding. The Ninth Circuit Bankruptcy Appellate Panel agreed that the request for attorneys' fees included as part of the underlying motion did not constitute a counterclaim against the debtor which would subject the action to the automatic stay. *Id.* at 14. This Court disagrees.

The documents filed by Keleher & McLeod, P.A. and Sean Olivas in the federal proceedings are the result of the Tenth Circuit's ruling that the parties were entitled to an award of attorneys' fees in defending the appeals.[1] *See* Exhibit A, B, and C. By filing reply briefs on the reasonableness of fees and notices of completion of the briefing on that issue, the parties were attempting to collect on a pre-petition obligation (the Tenth Circuit's pre-petition award of attorneys' fees) of the Debtor. The documents are not "ministerial acts" because they seek an award of attorneys' fees against the Debtor. Filing the documents in the federal proceedings constituted the "continuation . . . of . . . [a] proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the

---

[1]The one exception is Defendant Judge Fitch's Notice of Completion of Briefing on Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order of March 29, 2004, Pursuant to Rules 59 & 60 and Request for New Trial, filed in Case No. CIV 03-0149. Exhibit A. This document was filed as a result of Debtor's motion for reconsideration filed in that proceeding, and as such, was not subject to the automatic stay. *See In re Merrick,* 175 B.R. 333, 337-338 (9th Cir. BAP 1994) ("an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a[n] . . . impediment . . . . The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.").

6

[bankruptcy] case." 11 U.S.C. § 362(a)(1). Keleher & McLeod, P.A. and Sean Olivas filed these documents post-petition, even though they had notice of the Debtor's pending bankruptcy proceeding. The Court, therefore, concludes that by filing the documents in the federal proceedings, Keleher & McLeod, P.A. and Sean Olivas violated the automatic stay within the meaning of 11 U.S.C. § 362(h).[2]

Having found a willful violation of the automatic stay, the Court must award actual damages. *See In re Gagliardi,* 290 B.R. 808, 819 (Bankr.D.Colo. 2003) ("Once a court finds a violation of the stay to be willful, Section 362(h) makes the award of damages for injuries mandatory.") (citations omitted). Debtor bears the burden of proving actual damages. *Id.* Based on Debtor's testimony, the Court finds that Debtor incurred a total of $340.00 in actual damages to reimburse him for expenses incurred traveling from Quemado to the University of New Mexico Law Library to complete his legal research, drafting his motions, and sending facsimiles.

In addition to actual damages, a Debtor may be entitled to punitive damages for willful violation of the automatic stay in "appropriate circumstances." As noted by the Bankruptcy Court in *In re Ratliff,* 318 B.R. 579, 583 (Bankr. E.D.Okla. 2004), there are two standards for determining whether punitive damages are appropriate. One standard awards punitive damages if the party "'acted with actual knowledge that he was violating a federal protected right or with reckless disregard of whether he was doing so.'" *Id.* (quoting *Diviney,* 225 B.R. at 776 (citing *Fry v. Today's Homes Inc., (In re*

---

[2] Attorneys can be held liable for violation of the automatic stay for actions taken on behalf of their creditor-clients. *See In re Johnson,* 253 B.R. 857, 861 (Bankr. E.D.Ohio 2000) ("Courts have imposed joint and several liability against creditors and their counsel for willful stay violations.") (citing *In re Baker,* 183 B.R. 30, 33 (Bankr.D.R.I. 1995); *In re Stainton,* 139 B.R. 232, 234 (9th Cir. BAP 1992); and *In re Zick,* 123 B.R. 825, 828 (Bankr. E.D.Wis. 1990)).

7

*Fry),* 122, B.R. 427, 431 (Bankr.N.D.Okla. 1990)). Under the second standard, the Court considers the following factors in determining whether, and to what extent, to award punitive damages: "'(1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the motives of the defendant; and (4) any provocation by the debtor.'" *Id.* (quoting *Diviney,* 225 B.R. at 777).

In light of these standards, the Court finds that punitive damages should be awarded. Keleher & McLeod, P.A. and Sean Olivas knew that the Debtor had filed for bankruptcy and knew of the existence of the automatic stay, yet they still filed the documents in the federal proceedings without first seeking relief from the automatic stay. They have an ability to pay, and should be sanctioned to deter behavior of this kind in the future. Accordingly, the Court concludes that an award of punitive damages in the total amount of $1,000.00 should be imposed against Keleher & McLeod, P.A. and Sean Olivas, jointly and severally.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is GRANTED, in part, and DENIED, in part. As to Judge Fitch, Judge Fry, Judge Pickard, and Judge Alarid, the Motion is DENIED. As to Keleher & McLeod, P.A., and Sean Olivas, the Motion is GRANTED, in part.

ORDERED FURTHER, that actual damages in the amount of $340.00 are awarded in favor of Debtor and against Keleher & McLeod, P.A., and Sean Olivas, jointly and severally.

ORDERED FURTHER, that punitive damages in the amount of $1,000.00 are awarded in favor of Debtor and against Keleher & McLeod, P.A. and Sean Olivas, jointly and severally.

ORDERED FINALLY, that the damages awarded by this Order be paid to the Debtor within twenty-five days of the date of entry of this Order.

_____
MARK B. McFEELEY
United States Bankruptcy Court

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

David Derringer, *pro se*
Box 157
Quemado, NM 87829

Mariposa Sivage
Sean Olivas
Keleher & McLeod, P.A.
PO Box AA
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

9