# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06   . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer |
| **Case Number:** | 04-17330 |

### Document Information

| | |
|---|---|
| **Description:** | Order  Denying [150-1] Motion  for Stay of All Proceedings Pending Appeal Concerning Chapels Illegal Liens on the debtor's real property based on the Order of 2/2/05 and the denial of the debtor's Motion for Retrial of same on 3/2/05. by David Brian Derringer . |
| **Received on:** | 2005-06-08 11:10:30.000 |
| **Date Filed:** | 2005-06-08 00:00:00.000 |
| **Date Entered On Docket:** | 2005-06-10 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER,　　　　　　　　　　No. 13-04-17330 MA

Debtor.

**ORDER DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL**

THIS MATTER is before the Court on the Debtor David Derringer's Motion for Stay of All Proceedings Pending Appeal Concerning Chapels Illegal Liens on the Debtor's Real Property Based on the Order of February 2, 2005 and the Denial of the Debtor's Motion for Retrial of Same on March 2, 2005 Pursuant to Fed. R. Bankr.P. Rule 7062 and 8005 ("Motion for Stay Pending Appeal"), filed March 8, 2005. The Court held a final hearing on the Motion for Stay Pending Appeal on May 23, 2005 and took the matter under advisement.

The Debtor seeks a stay of his bankruptcy proceeding pending the outcome of his appeal of the Court's Order Denying Remainder of Debtor's Motion to Take Judicial Notice and Request for Relief, and Motion for Permanent Restraining Order Against Mick Chapel, Jennifer Chapel, and Joseph Manges, entered February 2, 2005 ("February 2 Order") (Docket # 121), and the Order Denying Debtor David Derringer's Timely Motion for New Trial; Amendment of Order; and Relief from Order; of the February 2, 2005 Order Denying Remainder of Debtor's Motion to Take Judicial Notice and Request for Relief and Motion for Permanent Restraining Order Against Mick Chapel, Jennifer Chapel, and Joseph Manges Pursuant to Bankruptcy Procedure Rule 9023 and 9024 and the F.R.Civ.P. Rules 59 and 60 and Pursuant to the 8th, 13th, and 14th Amendment and Title 11 Section 362(a) in the "Interest of Justice" with New Evidence to Prove Needed Reversal of Decisions, entered March 2, 2005 ("March 2 Order") (Docket # 146). Because the Court finds that staying the operation of the

February 2 Order and the March 2 Order can have no effect, and because the Debtor has not otherwise satisfied the requirements for a stay pending appeal, the Court will deny the Motion for Stay Pending Appeal.

Stays pending appeal are governed by Rule 62, Fed.R.Civ.P.[1], made applicable to bankruptcy proceedings by Rule 7062, Fed.R.Bankr.P., and by Rule 8005, Fed.R.Bankr.P. Rule 8005 provides, in relevant part:

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Rule 8005, Fed.R.Bankr.P.

The February 2 Order and the March 2 Order from which Debtor appeals concern alleged violations of the automatic stay by Mick Chapel, Jennifer Chapel and Joseph Manges which the Court found the Debtor failed to prove were willful within the meaning of 11 U.S.C. §362(h). These orders did not grant relief to any party to pursue claims against the Debtor or his property. Staying their effect pending the outcome of Debtor's appeal, therefore, serves no purpose and is unnecessary to protect the rights of the Debtor. Moreover, even if it were otherwise appropriate to stay the bankruptcy proceeding pending the outcome of the appeal, Debtor has failed to meet the standards for obtaining a stay pending

---

[1] Rule 62, Fed.R.Civ.P. applies to stays of proceedings to enforce a judgment. Discretionary stays pending appeal are governed by Rule 62(c), Fed.R.Civ.P., while stays issued as a matter of right are usually confined to money judgments and require the posting of a supersedeas bond in accordance with Rule 62(d), Fed.R.Civ.P. *In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla. 1985). Rule 62(d), Fed.R.Civ.P. is inapplicable to the Debtor's Motion for Stay Pending Appeal.

appeal.

Because a stay pending appeal is similar in nature to a request for a preliminary injunction, courts consider the same factors used to determine whether to grant a preliminary injunction in determining whether a stay pending appeal is appropriate. *In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla. 1985). In order to obtain a stay pending appeal, the requesting party must demonstrate the following factors: 1) that the requesting party is likely to prevail on the merits of the appeal; (2) that the requesting party will suffer irreparable harm without a stay; (3) that other interested persons will not suffer substantial harm if a stay were imposed; and (4) that the public interest will not be harmed by a stay. *Id.; In re Sunflower Racing, Inc.,* 221 B.R. 940, 941 (D.Kan. 1998) (citations omitted).

In his Motion for Stay Pending Appeal, Debtor complains of the Court's findings number 10. and 11. contained in the February 2 Order which state that the judgments Jennifer Chapel and Mick Chapel hold against the Debtor are final judgments with *res judicata* effect and which the Court may not reconsider or overrule in accordance with the Rooker-Feldman doctrine. Throughout his bankruptcy proceeding Debtor has consistently urged that the judgments at issue are unenforceable against him or his property because he was not a party to the initial litigation brought by the Chapels in state court. His present appeal of the February 2 Order and the March 2 Order raises this same issue, among others.[2] As pointed out by the Chapels in their Response to the Motion for Stay Pending

---

[2]Appellant's Statement of Issues to be Presented on Appeal enumerates several issues, including the following: that the liens of the Chapels are illegal and unenforceable as they are based on the "illegal, unconstitutional and the jurisdictionally defective CV 94-10 judgment and Injunction of May 17, 1996 of which Appellant was a NON-PARTY and cannot be bound"; that there has been a

3

Appeal, the Debtor's arguments concerning the validity of the state court judgments that he has raised before the New Mexico Court of Appeals, the United States District Court for the District of New Mexico, and the Tenth Circuit, have been rejected by those courts. Given that Debtor has unsuccessfully raised this central issue of the validity of the state court judgment on appeal to the New Mexico state and federal appellate courts, Debtor has failed to show a likelihood of success on appeal of the February 2 Order and the March 2 Order. Failure to show a probability of success on appeal bars the imposition of a stay pending appeal. *See In re Barnes,* 119 B.R. 552, 558 (S.D.Ohio 1989) (denying plaintiff's motion for temporary injunction pending appeal, concluding that plaintiff's failure to show any probability of success on the merits of the appeal "is dispositive in [the] determination of Plaintiff's entitlement to temporary or preliminary injunctive relief.") (citations omitted).

Debtor has also failed to demonstrate how he will be irreparably harmed if a stay pending appeal is not granted. Debtor claims that by not staying his bankruptcy proceeding, the Chapels will be allowed to continue their attempts to enforce their state court judgments against him, and that the loss of the Debtor's private property will cause him to suffer irreparable harm. Under the current posture of this bankruptcy proceeding, the Debtor and the Chapels are subject to the Court's Order on Chapels' Motion for Relief from Stay, entered December 27, 2004 ("December 27 Order") which

---

violation of Appellant's constitutional rights of equal protection and private property rights; that the Chapels continue to violate New Mexico statutes governing dam height; that the Chapels continue to "enslave and subjugate" Appellant's upstream property; that the bankruptcy court had no jurisdiction "to continue proven deprivation of rights, privileges and immunities" against Appellant as guaranteed under the Constitution, New Mexico statutes and state constitutional law; that the bankruptcy court lacked jurisdiction to "illegally enforce Chapels' illegal, jurisdictionally defective and unconstitutional claims of debt of liens by mis-using the doctrines of res judicata, the law of the case, or Rooker-Feldman"; lack of due process; domestic terrorism; and violations of judicial oaths.

4

conditioned the automatic stay on the Debtor complying with the requirements for proceeding under Chapter 13 of the Bankruptcy Code. The automatic stay imposed under 11 U.S.C. § 362 which operates to prevent creditors from any attempt to enforce a judgment against the Debtor or property of the Debtor's bankruptcy estate remains in effect in this proceeding unless and until relief from the stay is granted by further order of the Court or the Debtor's bankruptcy proceeding is dismissed. Because the automatic stay remains in effect, staying the bankruptcy proceeding pending Debtor's appeal of the February 2 Order and the March 2 Order serves no purpose. Finally, although the Debtor appealed the December 27 Order, the Bankruptcy Appellate Panel dismissed that appeal as interlocutory.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Stay Pending Appeal is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer
Debtor, *pro se*
PO Box 157
Quemado, NM 87829

Joseph Manges, *pro se* and as
Attorney for Mick and Jennifer Chapel
PO Box 669
Santa Fe, NM 87504-0669

_____
Patti G. Hennessy
Law Clerk (505) 348-2545

5