# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer |
| **Case Number:** | 04-17330 |

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [172-1] Motion To Strike Affidavit by Stephen Long regarding debtor's continuing failure to comply with the Order 1/26/05. [104-1] by David Brian Derringer . |
| **Received on:** | 2005-06-28 10:19:59.000 |
| **Date Filed:** | 2005-06-28 00:00:00.000 |
| **Date Entered On Docket:** | 2005-06-28 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER,   No. 13-04-17330 MA

Debtor.

## ORDER DENYING DEBTOR'S MOTION TO STRIKE STEPHEN LONG'S AFFIDAVIT REGARDING DEBTOR'S CONTINUING FAILURE TO COMPLY WITH THE TERMS AND CONDITIONS OF THE COURT ORDER ENTERED 1-26-05 WITHOUT NOTICE TO DEBTOR

THIS MATTER is before the Court on Debtor David Derringer's Motion to Strike Stephen Long's Affidavit Regarding Debtor's Continuing Failure to Comply with the Terms and Conditions of the Court Order Entered 1-26-05 Without Notice to Debtor ("Motion to Strike"). Stephen Long filed an affidavit regarding the Debtor's failure to comply with the Court's Order on Chapels' Motion for Relief from Stay, entered December 23, 2004 ("Long Affidavit") on January 26, 2004. The Motion to Strike requests that the Long Affidavit be stricken because it is "both fraudulent and designed for 'improper purposes'" in violation of Rule 11(b), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9011, Fed.R.Bankr.P.  The Motion to Strike also asserts that the Long Affidavit was filed without notice or proper service. The Court finds that the Motion to Strike fails to raise sufficient grounds upon which to strike the Long Affidavit. In reaching this determination, the Court FINDS:

1. The Order on Chapels' Motion to Modify Automatic Stay ("December 23, 2004 Order") conditioned the continuation of the automatic stay imposed by 11 U.S.C. § 362 on the Debtor complying with certain requirements for proceeding under Chapter 13 of the Bankruptcy Code, including filing a proposed plan of reorganization, obtaining a preliminary hearing on confirmation, filing

amended statements and schedules, and confirming a plan.

2. The December 23, 2004 Order provided that "[i]f the Debtor fails to comply with these deadlines, then upon the filing of an affidavit by counsel for the Chapels that the Debtor has failed to comply, the Court will enter an order terminating the automatic stay."

3. The Long Affidavit was filed in accordance with the December 23, 2004 Order.

4. The Long Affidavit includes a Certificate of Mailing which states that a copy of the Long Affidavit was mailed to David Derringer, P. O. Box 157, Quemado, NM 87829. This address is the Debtor's address of record. "It is well settled that if a notice is properly addressed and mailed, there is a rebuttable presumption that notice was proper." *In re Taylor,* 207 B.R. 995, 999 (Bankr.W.D.Pa. 1997), *aff'd,* 178 F.3d 698 (3rd Cir. 1999). Where notice is sent to the Debtor's address of record, it is presumptively proper, and it is the Debtor's burden to show that the notice was not properly addressed and/or mailed; whether the notice was actually received is not at issue. *Id.*

5. Affidavits must be based on personal knowledge. *See* 3 Am. Jur. 2d Affidavits § 13 (An affidavit must be based on personal knowledge, and its allegations should be of the pertinent facts and circumstances, rather than conclusions."); *Cf.* Rule 56(e), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. ("affidavits [in support or opposition of motions for summary judgment] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

6. There is nothing contained in the Motion to Strike which would indicate that the statements are not based on the personal knowledge of the affiant, or that the affiant is not competent to testify to

the matter stated therein.

7. Debtor also asserts that the Long Affidavit improperly interferes with his due process rights with regard to the requirements for obtaining relief from the automatic stay under 11 U.S.C. § 362(d). Debtor's assertion mis-interprets the requirements for notice and a hearing under 11 U.S.C. § 362. The December 23, 2004 Order was issued after a final hearing on the merits of Chapels' Motion for Relief from Stay, and the inclusion of a provision allowing for the entry of an order terminating the stay upon filing an affidavit of default is within the Court's discretion. *See In re Mendoza,* 111 F.3d 1264, 1270 (5th Cir. 1997) (bankruptcy court is not precluded "from including 'drop dead'[1] clauses in its orders, whether by agreement of the parties or *sua sponte* without the parties' agreement.").

7. Because the Long Affidavit is based on personal knowledge, was filed in accordance with the December 23, 2004 Order, and included a certificate of mailing indicating proper service of the Long Affidavit on the Debtor, the Debtor's assertion that the Long Affidavit is fraudulent and filed for an improper purpose in violation of Rule 9011, Fed.R.Bankr.P. is without merit.

8. Finally, because Debtor's request for stay pending appeal has been denied, Debtor's argument that the Long Affidavit improperly falsifies the record because a plan cannot be consummated until the issues on appeal are resolved is inapposite. All other arguments raised in the Motion to Strike, such as Debtor's continuing assertions of ongoing constitutional rights violations, are irrelevant to a motion to strike an affidavit.

---

[1] "A 'drop dead' clause 'allows a creditor to exercise its state law remedies upon default of a debtor under a plan without seeking further permission from the bankruptcy court.'" *Id.* at 1269 (quoting *In re Kennedy*, 177 B.R. 967, 975 (Bankr.S.D.Ala.1995)).

3

WHEREFORE, IT IS HEREBY ORDERED that the Debtor's Motion to Strike the Long Affidavit is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer
Box 157
Quemado, NM 87829


Stephen C.M. Long
2501 Yale SE, Suite 204
Albuquerque, NM 87106

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

4