# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06     . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**      David Brian Derringer

**Case Number:**    04-17330

### Document Information

| | |
|---|---|
| **Description:** | Order  Denying [147-1] Motion To Strike Affidavit by Manges regarding Debtor's Continuing failure to comply with the terms and conditions of the Court Order entered on 12/23/04. [143-1] by David Brian Derringer . |
| **Received on:** | 2005-06-28 10:21:29.000 |
| **Date Filed:** | 2005-06-28 00:00:00.000 |
| **Date Entered On Docket:** | 2005-06-28 00:00:00.000 |

### Filer Information

**Submitted By:**    Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER,　　　　　　　　　　　　No. 13-04-17330 MA

Debtor.

**<u>ORDER DENYING DEBTOR'S MOTION TO STRIKE AFFIDAVIT OF
JOSEPH MANGES REGARDING DEBTOR'S CONTINUING FAILURE
TO COMPLY WITH THE TERMS AND CONDITIONS OF THE
COURT ORDER ENTERED DECEMBER 23, 2004</u>**

THIS MATTER is before the Court on the Debtor David Derringer's Motion to Strike Manges' Affidavit Regarding Debtor's Continuing Failure to Comply with the Terms and Conditions of the Court Order entered December 23, 2004 ("Motion to Strike"). Joseph Manges filed an Affidavit Regarding Debtor's Continuing Failure to Comply with the Terms of and Conditions of the Court Order Entered December 23, 2004 ("Manges Affidavit") on February 28, 2005. Debtor asserts in his Motion to Strike that the Manges Affidavit is "both fraudulent and designed for 'improper purposes' in direct violation of Fed.R.Civ.P. Rule 11(b)(1) and must be stricken from the record." The Motion to Strike also requests the Court to impose sanctions against Joseph Manges pursuant to Rule 11, Fed.R.Civ.P. for filing "this pleading meant to defraud the court, falsify the court record, and defeat federal law Title 11 Section 362(d) without due process or opportunity to be heard in the proper hearing for the Debtor." The Court finds that the Debtor has failed to show adequate cause to strike the Manges Affidavit, and will deny the Motion to Strike. In reaching this determination the Court FINDS:

1. The Order on Chapels' Motion to Modify Automatic Stay ("December 23, 2004 Order") conditioned the continuation of the automatic stay imposed by 11 U.S.C. § 362 on the Debtor complying with certain requirements for proceeding under Chapter 13 of the Bankruptcy Code,

including filing a proposed plan of reorganization, obtaining a preliminary hearing on confirmation, filing amended statements and schedules, and confirming a plan.

2. The December 23, 2004 Order provided that "[i]f the Debtor fails to comply with these deadlines, then upon the filing of an affidavit by counsel for the Chapels that the Debtor has failed to comply, the Court will enter an order terminating the automatic stay."

3. The Manges Affidavit was filed in accordance with the December 23, 2004 Order.

4. Affidavits must be based on personal knowledge. *See* 3 Am. Jur. 2d Affidavits § 13 (An affidavit must be based on personal knowledge, and its allegations should be of the pertinent facts and circumstances, rather than conclusions."); *Cf.* Rule 56(e), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. ("affidavits [in support or opposition of motions for summary judgment] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

5. While Debtor may not agree with the characterization of some of the statements contained in the Manges Affidavit, there is nothing to indicate that the statements are not based on the personal knowledge of the affiant, or that the affiant is not competent to testify to the matter stated therein.

6. Debtor also asserts that the Manges Affidavit improperly interferes with his due process rights with regard to the requirements for obtaining relief from the automatic stay under 11 U.S.C. § 362(d). Debtor's assertion mis-interprets the requirements for notice and a hearing under 11 U.S.C. § 362. The December 23, 2004 Order was issued after a final hearing on the merits of Chapels' Motion for Relief from Stay, and the inclusion of a provision allowing for the entry of an order terminating the stay upon filing an affidavit of default is within the Court's discretion. *See In re*

*Mendoza,* 111 F.3d 1264, 1270 (5th Cir. 1997) (bankruptcy court is not precluded "from including 'drop dead'[1] clauses in its orders, whether by agreement of the parties or *sua sponte* without the parties' agreement.").

    7. Because the Manges Affidavit is based on personal knowledge and was filed in accordance with the December 23, 2004 Order, Debtor's assertion that the Manges Affidavit is fraudulent and filed for an improper purpose in violation of Rule 9011, Fed.R.Bankr.P. is without merit.

    8. Finally, because Debtor's request for stay pending appeal has been denied, Debtor's argument that the Manges Affidavit improperly forces forward an issue that is on appeal is inapposite.

    WHEREFORE, IT IS HEREBY ORDERED that the Debtor's Motion to Strike the affidavit of Joseph Manges is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

[1] "A 'drop dead' clause 'allows a creditor to exercise its state law remedies upon default of a debtor under a plan without seeking further permission from the bankruptcy court.'" *Id.* at 1269 (quoting *In re Kennedy*, 177 B.R. 967, 975 (Bankr.S.D.Ala.1995)).

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer
Box 157
Quemado, NM 87829

Joseph Manges
PO Box 669
Santa Fe, NM 87504 -669

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545