Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** David Brian Derringer

**Case Number:** 04-17330

## Document Information

**Description:** Order Granting in Part, Denying in Part [201-1] Motion For Order to Show Cause and for extreme actual and punitive damages against Mick Chapel, Jennifer Chapel, Joseph Manges and Stephen Long by David Brian Derringer .

**Received on:** 2005-08-11 15:44:08.000

**Date Filed:** 2005-08-11 00:00:00.000

**Date Entered On Docket:** 2005-08-12 00:00:00.000

## Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID BRIAN DERRINGER, No. 13-04-17330 MA

Debtor.

## ORDER ON DEBTOR DAVID DERRINGER'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

THIS MATTER is before the Court on Debtor David Derringer's Motion for Order to Show Cause and For Extreme Actual and Punitive Damages against Mick Chapel, Jennifer Chapel, Joseph Manges, Stephen Long for Violations of Title 11 Section 362(h); and Request for Relief ("Motion"), filed by the Debtor, *pro se*. The Motion seeks damages for violation of the automatic stay imposed by 11 U.S.C. § 362 for actions taken by Mick Chapel and Jennifer Chapel, by and through their attorney, Joseph Manges, following the entry of the Court's Order Terminating Automatic Stay as to Mick Chapel and Jennifer Chapel ("Order Granting Relief from Stay") prior to the expiration of the ten day period proscribed by Rule 62, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7062, Fed.R.Bankr.P. The Court held a final hearing on the Motion on August 10, 2005. In accordance with the Court's ruling at the final hearing, the Court FINDS:

1. The Order Granting Relief from Stay was entered on June 28, 2005.

2. On July 5, 2005, as reflected on the certificate of mailing, Mick Chapel and Jennifer Chapel, by and through their attorney, Joseph Manges, sent a Notice of Foreclosure Sale for filing in state court case number CV-02-19 ("State Court Action").

3. The Notice of Foreclosure Sale was filed in the State Court Action on July 8, 2005, and scheduled a foreclosure sale for August 11, 2005.

4. Federal Rule of Bankruptcy Procedure 4001(a)(3) provides:

> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.
>
> Rule 4001(a)(3), Fed.R.Bankr.P.

5. Actions taken prior to the expiration of the ten-day period contained in Rule 4001(a)(3), Fed.R.Bankr.P. can form the basis of a claim for damages for willful violation of the automatic stay under 11 U.S.C. § 362(h).[1] *In re Banks,* 253 B.R. 25 (Bankr.E.D.Mich. 2000).

6. An act taken in violation of the automatic stay is "willful" if the act was taken with knowledge that the automatic stay was in place and the act was intentional; specific intent to violate the automatic stay is not necessary for the act to be considered "willful" within the meaning of 11 U.S.C. § 362(h). *Diviney v. NationsBank of Texas, N.A. (In re Diviney),* 225, B.R. 762, 774 (10th Cir. BAP 1998) (citations omitted).

7. Attorneys can be held liable for violation of the automatic stay for actions taken on behalf of their creditor-clients. *See In re Johnson,* 253 B.R. 857, 861 (Bankr. E.D.Ohio 2000) ("Courts have imposed joint and several liability against creditors and their counsel for willful stay violations.") (citing *In re Baker,* 183 B.R. 30, 33 (Bankr.D.R.I. 1995); *In re Stainton,* 139 B.R. 232, 234 (9th Cir. BAP 1992); and *In re Zick,* 123 B.R. 825, 828 (Bankr. E.D.Wis. 1990)).

---

[1] Section 362(h) provides:
> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> 11 U.S.C. § 362(h).

8. Actions taken in violation of the automatic stay are void. *In re Gagliardi,* 290 B.R. 808, 814 (Bankr.D.Colo. 2003) ("Actions taken in violation of the automatic stay are void and of no force or effect, even when there is no actual notice of the existence of the stay.") (citing *In re Calder,* 907 F.2d 953, 956 (10th Cir. 1990)).

9. Having actively participated in the Debtor's bankruptcy proceeding since the filing of Debtor's voluntary petition, Mick Chapel, Jennifer Chapel, and Joseph Manges were well aware of the bankruptcy and the existence of the automatic stay.

10. An attorney practicing before the bankruptcy court is charged with knowing and abiding by all applicable rules. *Cf.* NM LBR-2090-1b. (requiring non-resident attorneys who apply to appear before the court *pro hac vice* to file a statement that the attorney has read and is familiar with these rules); *In re Kirkland,* 181 B.R. 563, 568 (D.Utah 1995), *aff'd,* 86 F.3d 172 (10th Cir. 1996) ("Even pro se parties are charged with knowledge of the rules").

11. By sending the Notice of Foreclosure Sale during the ten-day period within which the Order Granting Relief from Stay was stayed by operation of Rule 4001(a)(3), Mick Chapel, Jennifer Chapel, and Joseph Manges wilfully violated the automatic stay.

12. Because the Notice of Foreclosure Sale is void and the foreclosure sale scheduled for August 11, 2005 cannot now take place at that date and time, actual damages suffered by the Debtor due to the violation of the automatic stay are minimal.

13. Punitive damages against attorney Joseph Manges are appropriate under the circumstances. Clearly he knew of the pending bankruptcy, and is charged with knowledge of the applicable rules, yet he proceeded to take action to initiate foreclosure proceedings during the period

3

that the Order Granting Relief from Stay was stayed.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, in part.

Actual damages in the amount of $250.00 are awarded in favor of Debtor and against Mick Chapel and Jennifer Chapel, jointly and severally. Actual damages in the amount of $250.00 are awarded in favor of Debtor and against Joseph Manges.

ORDERED FURTHER, that punitive damages in the amount of $750.00 are awarded in favor of Debtor and against attorney Joesph Manges.

ORDERED FURTHER, that the damages awarded by this Order be paid to the Debtor within ten days of the date of entry of this Order.

ORDERED FINALLY, that the Notice of Foreclosure Sale is void.

Any request for relief contained in the Motion inconsistent with this Order is hereby DENIED.

*[signature]*

MARK B. McFEELEY
United States Bankruptcy Court

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer, *pro se*
Box 157
Quemado, NM 87829

Joseph E. Manges
Attorney for Mick Chapel and Jennifer Chapel
PO Box 669
Santa Fe, NM 87504 -669

Stephen CM Long
2501 Yale SE Ste 204
Albuquerque, NM 87106 -4357

_____
Patti G. Hennessy
Law Clerk (505) 348-2545