# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer |
| **Case Number:** | 04-17330 |

### Document Information

| | |
|---|---|
| **Description:** | Order Granting [177-1] Motion To Dismiss Bankruptcy for failure to comply with Order of the Court by Mick Chapel, Jennifer Chapel . |
| **Received on:** | 2005-11-02 15:13:08.000 |
| **Date Filed:** | 2005-11-02 00:00:00.000 |
| **Date Entered On Docket:** | 2005-11-03 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER, No. 13-04-17330 MA

Debtor.

## ORDER DISMISSING BANKRUPTCY PROCEEDING FOR FAILURE TO COMPLY WITH ORDER OF THE COURT

THIS MATTER is before the Court on Mick and Jennifer Chapel's Motion to Dismiss. (Docket # 177). The Motion to Dismiss requests the Court to dismiss the Debtor's bankruptcy proceeding pursuant to 11 U.S.C. § 109(g) for failure to comply with an order of the Court and for failure to prosecute his case, and seeks imposition of a 180-day bar to refiling. The Motion to Dismiss also asserts that the Debtor's bankruptcy proceeding should be dismissed based on the Debtor's bad faith. Debtor David Derringer, *pro se,* filed a response in opposition to the Motion to Dismiss, and Mick and Jennifer Chapel filed a reply to the Debtor's response. (Docket Nos. 189 and 190, respectively). The Court held a final hearing on the Motion to Dismiss on October 26, 2005 and took the matter under advisement. Upon consideration of the record in this bankruptcy proceeding and the arguments presented at the final hearing on the Motion to Dismiss, and being otherwise sufficiently informed, the Court finds that the Debtor has failed to comply with an order of the Court and, consequently, his bankruptcy proceeding will be dismissed.

On December 23, 2004, the Court entered an Order on Chapels' Motion to Modify Automatic Stay ("Order"). (Docket # 81). Among other things, the Order required the Debtor to obtain a preliminary hearing to consider the objections to Debtor's amended plan of confirmation immediately upon the expiration of the time for filing objections. The Order also required the Debtor to confirm a plan of reorganization no later than May 20, 2005. Debtor filed an amended plan of reorganization

on January 10, 2005, and four parties filed objections to his proposed plan.[1]  Despite receiving objections to his proposed plan of reorganization, Debtor has never requested a preliminary hearing on confirmation.  Consequently, no hearing on confirmation has ever been held, and the Debtor did not confirm a plan by May 20, 2005.  These deficiencies evidence a failure by the Debtor to comply with the Court's Order.  Cause, therefore, exists to dismiss the Debtor's bankruptcy proceeding.  *See* 11 U.S.C. § 1307(c).[2]

WHEREFORE, IT IS HEREBY ORDERED that this bankruptcy proceeding is DISMISSED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

[1] The four objecting parties were:  Compass Bank (Docket # 96); New Mexico Taxation and Revenue Department (Docket # 97); Mick Chapel and Jennifer Chapel (Docket # 105); and the Chapter 13 Trustee (Docket # 129).

[2] Section 1307(c) provides, in relevant part:

> on request of a party in interest . . . and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . for cause, including --
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;

11 U.S.C. § 1307(c)(1).

The list of factors enumerated in 11 U.S.C. § 1307(c) is not exhaustive, and failure to comply with a court's order can constitute cause for dismissal under 11 U.S.C. § 1307(c).  *See Ekeke v. United States,* 133 B.R.  450, 452 (S.D.Ill. 1991) (noting that the listed "causes" contained in § 1307(c) are not exhaustive, and the Court is not limited to the listed "causes"); *In re Earl,* 140 B.R. 728, 733 (Bankr.N.D.Ill. 1992) ("The specific grounds for dismissal set out in § 1307(c) are not all-inclusive or exhaustive."); *In re Baldalyan,* 236 B.R.  633, 638 (6th Cir. BAP 1999), *aff'd,* 221 F.3d 1333 (6th Cir. 2000) (finding that debtor's failure to amend plan or otherwise comply with court's order constituted cause for dismissal under 11 U.S.C. § 1307(c)(1) and (3)); *In re MacLean,* 200 B.R. 417, 419 (Bankr.M.D.Fla. 1996) (dismissing case based on Chapter 13 debtor's failure to comply with court's order and the debtor's lack of good faith).

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Derringer
PO Box 157
Quemado, NM 87829

Stephen C. M. Long
Attorney for Mick and Jennifer Chapel
2501 Yale SE Ste 204
Albuquerque, NM 87106 -4357

Kelley L. Skehen
Chapter 13 Truste
625 Silver SW, Suite 350
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545