UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer |
| **Case Number:** | 04-17330 |

## Document Information

| | |
|---|---|
| **Description:** | Order Denying [325-1] Motion For Rehearing for a New Trial by David Brian Derringer; Denying [326-1] Motion Relief and Amendments from Judgements and Orders by David Brian Derringer; Denying [327-1] Motion To Stay Judgements Pursuant to Rule 7062 Fed.R.Civ.P.Rule 62(b) and Rules of F.R. Bankruptcy |
| **Received on:** | 2005-12-07 14:15:54.000 |
| **Date Filed:** | 2005-12-07 00:00:00.000 |
| **Date Entered On Docket:** | 2005-12-08 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   DAVID DERRINGER,                              No. 7-04-17330 MA

Debtor.

**<u>ORDER DENYING DEBTOR DAVID DERRINGER'S TIMELY MOTION
FOR REHEARING FOR A NEW TRIAL; AND RELIEF AND AMENDMENTS FROM
JUDGMENTS AND ORDERS; AND STAY OF JUDGMENTS PURSUANT TO
RULE 7062 FED. R.CIV. P. RULE 62(b), AND RULES OF F. R. BANKRUPTCY
PROCEDURE RULES 9023, 9024, 8015, and L.R. 8015-1 AND THE F.R.CIV.P.
RULE 50(a)(e) AND RULE 60(b)(1)(2)(3)(4)(6) OF THE ORDER DISMISSING
BANKRUPTCY No. 13-04-17330 MA OF NOVEMBER 2, 2005</u>**

THIS MATTER is before the Court on the Debtor David Derringer's Timely Motion for Rehearing for a New Trial; And Relief and Amendments from Judgments and Orders; and Stay of Judgments Pursuant to Rule 7062 Fed.R.Civ.P. Rule 62(b) and Rules of F.R. Bankruptcy Procedure Rules 9023, 9024, 8015 and L.R. 8015-1 and the F.R.Civ.P. Rule 50(a)(e) and Rule 60(b)(1)(2)(3)(4)(6) of the Order Dismissing Bankruptcy No. 13-04-17330 MA of November 2, 2005 ("Motion"). Mick Chapel and Jennifer Chapel, by and through their attorney Stephen C.M. Long, filed a response. The Motion seeks to set aside the Court's Order Dismissing Bankruptcy Proceeding for Failure to Comply with Order of the Court, entered November 3, 2005 ("Order"), entered following a final hearing on Mick and Jennifer Chapels' Motion to Dismiss ("Motion to Dismiss"), and to stay the dismissal of the Debtor's bankruptcy proceeding. Having reviewed the Motion, the Court finds that the Motion raises no grounds upon which to alter, amend, or set aside the Order, nor does the Motion raise sufficient grounds for granting a stay of the Order. In reaching this determination, the Court FINDS:

1

1. The Motion was filed on November 9, 2005, less than ten days after the entry of the Order. Thus, the Motion should be construed as a motion to alter or amend a judgment under Rule 59(e), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9023, Fed.R.Bankr.P. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991) ("If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e)."); *Dalton v. First Interstate Bank of Denver,* 863 F.2d 702, 703 (10th Cir. 1988) (per curiam) ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgement and timely made within ten days thereof will be treated under Rule 59(e).") (citations omitted).

2. Motions for reconsideration may be granted to "'correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Hodes,* 239 B.R. 239, 242 (Bankr.D.Kan. 1999), *aff'd in part, rev'd in part on other grounds,* 289 B.R. 5 (D.Kan. 2003) (quoting *In re American Freight System, Inc.,* 168 B.R. 245, 246 (D.Kan. 1994)). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *In re Sunflower Racing, Inc.,* 223 B.R. 222, 223 (D.Kan. 1998). Rule 59(e) does not afford parties seeking relief an opportunity to raise new arguments, or to "rehash arguments previously considered and rejected by the court." *Id.*

3. None of the arguments raised in the Motion serve as sufficient grounds upon which to grant relief from the Order pursuant to Rule 59(e), Fed.R.Civ.P. Debtor continues to raise the same arguments he has raised time and again before this Court and others: namely, that he has been deprived of his Constitutional rights, that the judgment rendered by the state court in CV- 94-10 violated the

2

Debtor's due process rights and is void, and that the Rooker-Feldman doctrine does not prevent this Court from reviewing the state court judgment. Such rehashing of arguments previously raised fails to serve as sufficient grounds for reconsideration pursuant to Rule 59(e), Fed.R.Civ.P. *See Sunflower Racing,* 223 B.R. at 223. *See also, Van Skiver,* 952 F.2d at 1243 (noting that the district court "properly recognized that revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'"). The Court will not consider any further documents filed in connection with the Debtor's bankruptcy proceeding that raise the argument that the state court judgments which form the basis of the Chapels' claim are not valid. *Cf. Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) ("'There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'") (quoting *Cotner v. Hopkins,* 795 F.2d 900, 902-03 (10th Cir. 1986)). *See also, Castro v. United States,* 774 F.2d 399, 402 (1st Cir. 1985) (imposing an injunction that barred further pleadings in case or further litigation regarding a specific subject matter).

Debtor also asserts that because there has been no determination of the amount of the Chapels' claim[1], he has been prevented from reorganizing, thus rendering compliance with the Court's order entered December 23, 2004[2] impossible. The Debtor raised this argument at the final hearing on the

---

[1] Debtor asserts on page 3 of the Motion for Reconsideration and to Stay Dismissal that "NO PROOF OF ANY CLAIM OF DEBT AGAINST DERRINGER HAS EVER BEEN FILED BY CHAPELS IN No. 13-04-17330 MA . . . " In fact, Mick Chapel and Jennifer Chapel each filed a proof of claim in the amount of $171,047.00 on February 7, 2005. (*See* Claim Nos. 5 and 6).

[2] The order entered December 23, 2004 was entitled Order on Chapels' Motion to Modify Automatic Stay ("December 23 Order" - Docket # 81). Debtor appealed to the Bankruptcy Appellate Panel for the Tenth Circuit ("Tenth Circuit BAP") the December 23 Order following the Court's entry of an order denying Debtor's request for reconsideration of the December 23 Order.

3

Chapels' motion to dismiss. As this argument has already been considered and rejected by the Court, it fails to serve as an appropriate ground for relief under Rule 59(e). Further, Debtor's complaint that the December 23, 2004 order was "blatantly unconstitutional, violated all of the rights of the debtor, and canceled any possibility of taking three years to reorganize" is insufficient grounds upon which to grant relief from the Order under Rule 59(e), Fed.R.Civ.P. The Court has not misapprehended Debtor's position on either the facts or the law in issuing its Order.

    4. Although the Motion for Reconsideration and to Stay Dismissal is appropriately construed under Rule 59(e), Fed.R.Civ.P., because Debtor also raises Rule 60(b), Fed.R.Civ.P., the Court will also consider whether Debtor raises any grounds sufficient to grant relief from the Order under the standards of Rule 60(b), Fed.R.Civ.P. *See Jennings v. Rivers,* 394 F.3d 850, 856 (10th Cir. 2005) (finding that a motion filed within ten days of the entry of a judgment that clearly seeks relief from the judgment based on grounds enumerated in Rule 60(b), Fed.R.Civ.P., should be construed under the standards applicable to Rule 60(b), Fed.R.Civ.P.). Rule 60(b), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9024, provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

---

The Tenth Circuit BAP dismissed the appeal as interlocutory. (*See* Mandate - Docket # 163, dismissing BAP Appeal No. 05-007). On June 28, 2005, the Court entered an Order Terminating Automatic Stay as to Mick Chapel and Jennifer Chapel ("Stay Order"), finding that the Debtor had failed to comply with the December 23 2004 Order. (*See* Docket # 197). Following the Court's denial of Debtor's request for reconsideration of the Stay Order, Debtor appealed the Stay order to the Tenth Circuit BAP. (*See* Docket # 200, Docket # 208, and Docket # 229).

4

misconduct of an adverse party; (4), the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b), Fed.R.Civ.P.

5. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver,* 952 F.2d at 1243 (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Moreover, "[p]arties seeking review of an order or judgment under Rule 60(b) necessarily have a higher hurdle to overcome because such a motion is not meant to be a substitute for an appeal." *In re Bushman,* 311 B.R. 91, 95 (Bankr.D.Utah 2004) (citation omitted). None of the arguments raised in the Motion show the exceptional circumstances necessary to grant relief under Rule 60(b), Fed.R.Civ.P. The Motion references Rule 60(b),(1),(2),(3),(4)and (6). However, the Motion fails to show how there has been a mistake, inadvertence, surprise, or excusable neglect on the part of the Debtor necessary for relief under Rule 60(b)(1)[3], nor does the Motion raise any newly discovered evidence not previously available as required under Rule 60(b)(2). The Debtor asserts that various acts of fraud have been committed, and that the judgments which form the basis of the Chapels' claim are void. Parties seeking relief under Rule 60(b)(3) must show by clear and convincing evidence that the order from which they seek relief was entered as a result of fraud upon the court. *See Anderson v. Dept. of Health & Human Servs.,* 907 F.2d 936, 952 (10th Cir. 1990). The unsubstantiated allegations of fraud, many of which are not

---

[3]*See Bushman,* 311 B.R. at 95-96 ("In light of the policy favoring the finality of a judgment, '[t]he burden is upon the party moving to have the judgment set aside to plead and prove excusable neglect.'" (quoting *Pelican Production Corp. v.. Marino,* 893 F.2d 1143, 1146 10th Cir. 1990)).

5

directly aimed at the Order itself, are insufficient grounds for relief under Rule 60(b)(3).

Finally, Debtor's argument that the judgment which forms the basis of the Chapels' claim is void, has been previously raised, considered, and rejected by this Court on more than one occasion. Rule 60(b)(4) affords a moving party relief when order from which relief is sought is void. The Motion fails to explain how the Order is void, other than to state that

> There has been no fairness or equity in this court, but a violation and 'mistake' of law under Fed.R.Civ.P. Rule 60(b)(1) with fraud enforced by this Court in violation of Rule 60(b)(3) and with Constitutional and statutory deprivations in violations of Title 18 Sections 241 and 242 that violate 'applicable Constitutional and statutory laws' unenforceable under Title 11 Section 502(b) making the Order of Dismissal void under Rule 60(b)(4) and with a 'conspiracy against rights' and a 'deprivation of rights under color of law' as criminal mistake of laws under Rule 60(b)6).

Motion, page 7.

A judgment is void under Rule 60(b)(4) "only if the court which rendered it lacked jurisdiction over the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *In re Four Seasons Securities Laws Litigation,* 502 F.2d 834, 842 (10th Cir. 1974) (citation omitted). The Order was entered by this Court following a final hearing on the motion to dismiss the Debtor's bankruptcy proceeding at which time the Debtor was allowed to present argument and whatever evidence he deemed appropriate in defense of the Motion to Dismiss; thus, it cannot be asserted that the Court lacked jurisdiction over the subject matter, or of the parties, or acted in a manner inconsistent with due process in entering the Order.

The Motion also evokes Rule 60(b)(6), which serves as "the residual provision of Rule 60(b) which authorizes the court to relieve a party from judgment for any reason other than those specified in (b)(1) through (b)(5)." *Bushman,* 311 B.R. at 98 (citing *Plotner v. AT & T Corp.,* 224 F.3d 1161,

6

1174 (10th Cir. 2000)). "'In general, relief is given under clause (6) in cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered . . . under circumstances going beyond the earlier clauses of the rule.'" *Id.* (quoting *Dowell v. Board of Educ. of Oklahoma City Pub. Schools,* 782 F.Supp. 574, 579 (W.D.Okla. 1992) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864 at 213 (1973)). Although much of the Motion is devoted to alleged improper conduct on the part of creditors Mick Chapel, Jennifer Chapel, their attorney, Joseph Manges, other unnamed state officials, judges, and this Court, these unsubstantiated allegations have been raised by the Debtor numerous times, and fail to serve as evidence of extraordinary circumstances necessary to grant relief under Rule 60(b)(6), Fed.R.Civ.P.

    6. Rule 62(b), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7062, Fed.R.Bankr.P., provides, in relevant part:

> **Stay on Motion for New Trial or for Judgment.** In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or other order made pursuant to Rule 60, . . . or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).

    Rule 62(b), Fed.R.Civ.P.

Having ruled upon the Motion, the request for stay pursuant to Rule 62(b) has become moot.[4]

---

[4] The response filed by Mick and Jennifer Chapel addresses the standards for obtaining a stay pending appeal, and argues that Debtor has failed to meet his burden of showing the following: 1) the likelihood of success on appeal; 2) whether he will be irreparably injured if a stay pending appeal is not granted; 3) whether a stay pending appeal will injure other parties to the proceeding; and 4) whether a stay pending appeal serves the public interest, citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

7

7. Rule 8015, Fed.R.Bankr.P., and L.R. 8015-1, cited by Debtor in the Motion concerns a request for rehearing upon a decision rendered by the bankruptcy appellate panel or the district court. Therefore, because the Motion concerns this Court's Order, Rule 8015 is inapplicable.

8. The prayer for relief contained in the Motion for Reconsideration and to Stay Dismissal requests the following: 1) that the Court reinstate the automatic stay; 2) that the Court enforce the August 11, 2005 and October 6, 2005 orders regarding sanctions for violation of the automatic stay entered against the Chapels and Joseph Manges; 3) that the Court allow Debtor the three year period allowed under the Bankruptcy Code within which to reorganize and pay creditors; and 4) that the Court order that all payments made into the plan be immediately returned to the Debtor if the Motion is denied and the bankruptcy case remains dismissed without discharge. None of these requests for relief can be granted. As previously stated, the disposition of the Motion renders a request for stay made pursuant to Rule 7062(b), Fed.R.Bankr.P. moot, and, since the Order has not been appealed, a motion for stay pending appeal made pursuant to Rule 8005, Fed.R.Bankr.P. and Rule 7062(b), Fed.R.Bankr.P. is premature.

The August 11, 2005 order is presently on appeal before the Bankruptcy Appellate Panel (BAP), as BAP No. NM 05-097, and the BAP has granted a stay pending appeal upon the filing by the Chapels and or their attorney filing a bond or other security in the amount of $1,500.00 with the Court. (*See* Docket #320). A deposit of $1,500.00 has been made in the Court's registry pending the outcome of that appeal. (*See* Docket # 324). A request for enforcement of the August 11, 2005 order

---

Because the Order has not yet been appealed, a request for stay pending appeal made pursuant to Rules 8005, Fed.R.Bankr.P. and Rule 7062, Fed.R.Bankr.P. is premature.

8

as part of the Motion for Reconsideration and to Stay Dismissal is, therefore, inappropriate.

Chapter 13 of the Bankruptcy Code provides debtors with the opportunity to reorganize their debts over a period of thirty -six months, provided they otherwise comply with the requirements under the Bankruptcy Code. *See* 11 U.S.C. § 1325(a)(1) (requiring that the plan comply with the provisions of Chapter 13 and other applicable provisions of the Bankruptcy Code); 11 U.S.C. § 1322(d) (allowing debtor to provide for a plan period that is longer than three years upon court approval, but no longer than five years). Debtor's Chapter 13 proceeding was dismissed for failure to comply with an order of the Court, which, in turn, is a requirement for relief under the Bankruptcy Code. *See* 11 U.S.C. § 109(g) (a debtor is not eligible for relief if a prior case pending within the preceding 180 days was dismiss for willful failure to abide by an order of the court). *See also, In re Baldalyan,* 236 B.R. 633, 638 (6th Cir. BAP 1999), *aff'd,* 221 F.3d 1333 (6th Cir. 2000) (debtor's failure to amend plan or otherwise comply with orders of the court is sufficient grounds for dismissal under 11 U.S.C. § 1307(c)(1) and (3)). Debtor has been given an opportunity to propose and confirm a plan of reorganization. His proceeding was dismissed because he failed to do so. Arguing that the Debtor should be allowed three years within which to complete a plan of reorganization because the Bankruptcy Code requires it is insufficient grounds for relief from the Order under either Rule 59(e), Fed.R.Civ.P. or Rule 60(b), Fed.R.Civ.P.,

Finally, if a plan is not confirmed, the Chapter 13 trustee is required to return all plan payments to the debtor, less any allowed claim for administrative expenses. 11 U.S.C. § 1326(b)(2). Thus, if a chapter 13 proceeding is dismissed, the plan has not been confirmed, and the dismissal order has

9

become final, disbursement of the funds will occur by operation of 11 U.S.C. § 1326(b)(2).[5]  Such a request for disbursement of funds thus far contributed to the Chapter 13 Trustee is, therefore, unnecessary, and not an appropriate grounds for reconsideration.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Court

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

| | |
|---|---|
| David Derringer | Kelley L. Skehen |
| Debtor, *pro se* | Chapter 13 Trustee |
| PO Box 157 | 625 Silver Ave. SW, Suite 350 |
| Quemado, NM 87504 | Albuquerque, NM 87102 |
| | |
| Stephen C.M. Long | _____ |
| Attorney for Mick Chapel and Jennifer Chapel | Patti G. Hennessy |
| 2501 Yale SE Ste 204 | Law Clerk |
| Albuquerque, NM 87106-4357 | (505) 348-2545 |

---

[5]*Cf. In re Rivera,* 268 B.R. 292 (Bankr.D.N.M. 2001) (analyzing 11 U.S.C. § 1326(b) and 28 U.S.C. § 586 within the context of dismissal or conversion prior to confirmation, and determining that Chapter 13 trustee could not deduct percentage fee prior to disbursement of plan funds to debtor).

10