UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID DERRINGER,                            No. 13-04-17330 MA

Debtor.

**ORDER ON DAVID DERRINGER'S MOTION FOR ORDER TO SHOW
CAUSE AND FOR EXTREME AND PUNITIVE DAMAGES AGAINST
MICK CHAPEL, JENNIFER CHAPEL, JOSEPH MANGES, STEVEN LONG
FOR VIOLATIONS OF TITLE 11 SECTION 362(a) UNDER PROVISIONS OF
TITLE 11 SECTION 362(h); and REQUEST FOR RELIEF**

On November 21, 2005 the United States Bankruptcy Appellate Panel of the Tenth Circuit ("Bankruptcy Appellate Panel") entered an Order and Judgment which vacated this Court's Order on Debtor David Derringer's Motion for Sanctions for Violation of the Automatic Stay ("Stay Violation Order") (Docket #246) and remanded the matter for further proceedings. The Court accordingly scheduled a rehearing of the Debtor David Derringer's Motion for Order to Show Cause and for Extreme and Punitive Damages Against Mick Chapel, Jennifer Chapel, Joseph Manges, Steven Long for Violations of Title 11 Section 362(a) Under Provisions of Title 11 Section 362(h); and Request for Relief ("Motion") to consider the issue of damages. The Court held a hearing on the Motion on August 16, 2006 and took the matter under advisement. After consideration of the evidence presented at the final hearing, the Court finds that actual damages in the amount of $153.00 are warranted.

DISCUSSION

The Stay Violation Order found that by sending a Notice of Foreclosure Sale for filing in state court proceeding number CV-02-19 prior to the expiration of the ten-day period contained in Rule 4001(a)(3), Fed.R.Bankr.P. Mick Chapel, Jennifer Chapel, and Joseph Manges willfully violated the automatic stay under 11 U.S.C. § 362(h). The Stay Violation Order awarded the

1

following damages: 1) $250.00 in actual damages against Mick Chapel and Jennifer Chapel, jointly and severally; 2) $250.00 in actual damages against Joseph Manges; and 3) $750.00 in punitive damages against Joseph Manges. In vacating the Stay Violation Order, the Bankruptcy Appellate Panel determined that no evidence was presented to the Court upon which it could base an award for damages.

At the rehearing on the Motion, Debtor testified that in prosecuting his Motion he made more than one trip to the University of New Mexico law library, which is a 400 mile round trip drive, and that he believed his actual damages were $480.00, which would include some compensation for his time, costs for gasoline, paper and ink. On cross examination, Debtor confirmed that his monthly operating report for the month of July 2005 reflected gas expenses in the amount of $135.00 and paper, ink, and mailing costs in the amount of $18.00. The debtor has the burden of proving actual damages. *See In re Clayton,* 235 B.R. 801, 810 (Bankr.M.D.N.C. 1998) ("[T]he burden is on the debtor to demonstrate the extent of any damages.") (citations omitted); *In re Gagliardi,* 290 B.R. 808, 819 (Bankr.D.Colo. 2003) ("The Debtors bear the burden of proving actual damages with reasonable certainty.")(citations omitted). Based on this evidence, the Court finds that the Debtor has met his burden of proving actual damages relating to the Motion in the amount of $153.00.

Whether punitive damages should be awarded for a willful violation of the automatic stay lies within the discretion of the Court. *Clayton,* 235 B.R. at 811. Punitive damages should be awarded only when "the creditor has demonstrated egregious, vindictive, or intentional misconduct." *Id.* (citations omitted). Factors to consider in making this determination include "(1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the motives of

2

the defendant; and (4) provocation by the debtor." *In re Nelson,* 335 B.R. 740, 754 (Bankr.D.Kan. 2004) (citing *Diviney v. NationsBank (In re Diviney),* 225 B.R. 762, 777 (10th Cir. BAP 1998). Here, Mick Chapel, Jennifer Chapel, and Joseph Manges sent notice of the scheduling of a foreclosure sale fewer than ten days after they obtained relief from the automatic stay, contrary to Rule 4001(a)(3), Fed.R.Civ.P. As stated by the Court in its Stay Violation Order, as an attorney, Joseph Manges is charged with knowledge of applicable rules. Given the history of the prolonged dispute between the parties, Joseph Manges should have taken extreme care to ensure that he complied with all applicable rules. He did not. Instead he aggressively sought to schedule a foreclosure sale for the property as soon as possible following the entry of the order granting relief from stay without first taking the care to comply with Rule 4001(a)(3), Fed.R.Bankr.P. The Court, therefore, finds that an award of punitive damages in the amount of $750.00 against Joseph Manges is appropriate under the circumstances in order to deter such conduct in the future.

Debtor continues to assert that damages should be assessed against each actor individually. As the act in violation of the stay was the sending of the notice by attorney Joseph Manges on behalf of his clients Mick Chapel and Jennifer Chapel, it is not appropriate to assess damages against each actor individually. *Cf. In re Johnson,* 253 B.R. 857, 861 (Bankr.S.D.Ohio 2000) ("Courts have imposed joint and several liability against creditors and their counsel for willful stay violations.") (citation omitted).

On appeal Mick Chapel, Jennifer Chapel and Joseph Manges asserted that their actions did not constitute a violation of the automatic stay. The Bankruptcy Appellate Panel did not consider this argument because it was raised for the first time on appeal, but left it to the

3

discretion of this Court whether to consider this argument on remand. This Court likewise declines to consider these arguments because they were not raised until after the initial hearing on the Motion.

WHEREFORE, IT IS HEREBY ORDERED that actual damages in the amount of $153.00 are awarded in favor of David Derringer and against Mick Chapel, Jennifer Chapel, and their attorney, Joseph Manges, jointly and severally.

ORDERED FURTHER, that punitive damages in the amount of $750.00 are awarded in favor of David Derringer and against attorney Joseph Manges.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

David Derringer
PO Box 157
Quemado, NM 87829

Joseph Manges
Attorney for Mick Chapel and Jennifer Chapel
PO Box 669
Santa Fe, NM 87504

4