FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

September 24, 2007

Barbara A. Schermerhorn
Clerk

PUBLISH

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE DAVID BRIAN DERRINGER, <br><br>Debtor. | BAP No.   NM-07-002 |
| MICK CHAPEL, JENNIFER CHAPEL and JOSEPH E. MANGES, <br><br>Appellants, <br><br>v. <br><br>DAVID BRIAN DERRINGER, <br><br>Appellee. | Bankr. No.   04-17330-m13 <br>    Chapter   13 <br><br><br>OPINION |

Appeal from the United States Bankruptcy Court
for the District of New Mexico

Submitted on the briefs:[*]

Joseph E. Manges of Comeau, Maldegen, Templeton & Indall, Santa Fe, New Mexico, pro se and for Appellants.

David Brian Derringer, pro se.

Before CLARK, MICHAEL, and NUGENT, Bankruptcy Judges.

MICHAEL, Bankruptcy Judge.

  Mick Chapel and Jennifer Chapel (the "Chapels") and their attorney, Joseph

---

[*]   The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. Bankr. P. 8012.  The case is therefore ordered submitted without oral argument.

Manges ("Manges"), cross-appeal[1] an order of the bankruptcy court finding that they violated the automatic stay and awarding compensatory and punitive damages to debtor David Brian Derringer ("Derringer") in the total amount of $903. The sole issue presented to this Court is whether the bankruptcy court abused its discretion when it found that a violation of the automatic stay had taken place in this case. Finding no reversible error, we affirm.[2]

**I.   BACKGROUND**

In a 2005 Order and Judgment of this Court,[3] we remarked that "[t]he battle between the parties to these appeals has continued unabated for over ten years," and that "these cases mark the fifth and sixth appeals that [the parties] have presented to this Court." The saga continues. Much of what follows may sound familiar.[4] We limit our description of the facts to those relevant to disposition on appeal.

The Chapels hold a judgment lien upon certain real property owned by Derringer.[5] A foreclosure sale of the real property was scheduled for October 8, 2004.[6] On October 6, 2004, Derringer filed a petition for relief under Chapter 13

---

[1]   Debtor David Derringer appealed the same order to the United States District Court for the District of New Mexico. *See* details *infra* at 5-6.

[2]   We also DENY AS MOOT Derringer's 1) Motion for Sanctions Under US Bankruptcy Rule 9011(B)(1)(2)(3)(4) Against Mick Chapel, Jennifer Chapel, Joseph Manges and Steven Long and Request for Relief, filed April 16, 2007, and 2) Appellee's Response in Opposition to Chapel's Notice of Decision in CIV-06-855, Appellee's Request for Continuation of Stay and Request for Judgment on the Appellee's Motions [sic] for Sanctions Against Appellants, filed July 18, 2007.

[3]   *See In re Derringer*, NM-05-077, NM-05-097, 2005 WL 3105619 (10th Cir. BAP November 21, 2005).

[4]   *Id.*

[5]   A New Mexico state district court entered an Order of Foreclosure on February 13, 2004.

[6]   The foreclosure sale was originally scheduled for March 31, 2004, but was
(continued...)

of the Bankruptcy Code. On October 29, 2004, the Chapels (through Manges, their attorney) filed a motion for relief from the automatic stay that arises pursuant to 11 U.S.C. § 362 in order to enforce their judgment lien.[7] After a hearing, the motion for relief from stay was granted in part and denied in part by an order entered on December 27, 2004 (the "December 27 Order"). The December 27 Order imposed certain duties and conditions upon Derringer, and stated that if such conditions were not complied with, the automatic stay would be summarily vacated. The December 27 Order was appealed to this Court by Derringer, but that appeal was dismissed as interlocutory.

On June 28, 2005, the bankruptcy court entered an order terminating the automatic stay as it applied to the Chapels (the "Order Granting Relief"). The Order Granting Relief made no mention of Federal Rule of Bankruptcy Procedure 4001(a)(3),[8] which provides that such orders are automatically stayed for a period of ten days, "unless the court orders otherwise."[9] Seven days later, on July 5, 2005, Manges (again in his capacity as attorney for the Chapels) mailed a document entitled "Notice of Foreclosure Sale" (the "Foreclosure Notice") to Derringer. The Foreclosure Notice was filed with the New Mexico state court on July 8, 2005. Pursuant to the terms of the Foreclosure Notice, a sale of the Derringer property was scheduled for August 11, 2005.

On July 13, 2005, Derringer filed with the bankruptcy court a pleading entitled "Debtor David Derringer's Motion For Order to Show Cause and For

---

[6] (...continued)
precluded by a Chapter 7 bankruptcy petition filed by Susan Nevitt, Derringer's wife.

[7] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

[8] Unless otherwise indicated, all future references to a Rule or Rules are to the Federal Rules of Bankruptcy Procedure.

[9] *See* Fed. R. Bankr. P. 4001(a)(3).

Extreme Actual and Punitive Damages Against Mick Chapel, Jennifer Chapel, Joseph Manges, [and] Stephen Long for Violations of Title 11 Section 362(a) Under Provisions of Title 11 Section 362(h); and Request for Relief" (the "Sanctions Motion"). In addition to reasserting virtually every argument previously made regarding the dispute between the parties, Derringer claimed that the service of the Foreclosure Notice less than ten days after the entry of the Order Granting Relief constituted a violation of the automatic stay provisions found in § 362. Derringer sought an award of actual and punitive damages against all parties listed in the caption of the Sanctions Motion.

The bankruptcy court held a hearing on the Sanctions Motion on August 10, 2005, one day prior to the scheduled sale of the Derringer property. While the parties were provided with an opportunity to present argument, no evidence was offered or received at the hearing. The parties agreed and the bankruptcy court found that the Foreclosure Notice was sent to Derringer less than ten days after the entry of the Order Granting Relief. The bankruptcy court found that the Chapels and Manges (collectively "Appellants") had acted in violation of § 362. The bankruptcy court then entered an order (the "Sanctions Order") requiring the Chapels to pay Derringer actual damages of $250 and further directing Manges to pay Derringer actual damages of $250 and punitive damages of $750.

Derringer filed his notice of appeal from the Sanctions Order on August 17, 2005. On August 18, 2005, Appellants filed a motion seeking reconsideration of the Sanctions Motion. On September 20, 2005, the bankruptcy court denied the motion to reconsider. On September 23, 2005, the Appellants filed their cross-appeal with respect to the Sanctions Order.

Derringer's primary argument on appeal was that the damages awarded by the bankruptcy court were inappropriately low. In response, Appellants argued that an award of damages was not supported by either the law or the record. Upon review, this Court found that the evidentiary record did not support an

-4-

award of damages and remanded the matter for further proceedings.[10] Further, this Court, exercising its discretion, declined to address Appellants' argument that an alleged "postponement" of a foreclosure sale is not an act that violates the automatic stay. We noted that the argument was not presented to the bankruptcy court and, given that the case was to be remanded, found it unnecessary to address the issue. The Court left it to the "discretion of the bankruptcy court" as to whether to consider the argument on remand.[11] Accordingly, this Court vacated the award of damages. Upon remand, the bankruptcy court refused to consider the argument that the alleged postponement of the foreclosure sale did not constitute a stay violation. However, the court did take evidence on the issue of damages. Based on that evidence, the bankruptcy court awarded Derringer actual damages of $153 against Appellants jointly and severally, and assessed punitive damages against Manges in the amount of $750.[12]

Derringer was the first to appeal the bankruptcy court's order after remand. Once again, Derringer took issue with the amount of damages awarded by the bankruptcy court. Additionally, he filed a valid election for the appeal to be heard by the United States District Court for the District of New Mexico (the "District Court"). The Appellants then cross-appealed the same bankruptcy court order to this Court. Both appeals were sent to the District Court, which withdrew the Notice of Cross Appeal and returned it to this Court. Since similar issues were pending before both the District Court and this Court, this Court stayed this

---

[10] *See In re Derringer*, NM-05-077, NM-05-097, 2005 WL 3105619, *4 (10th Cir. BAP November 21, 2005).

[11] *Id.* at *3.

[12] *See September 1, 2006, Order on David Derringer's Motion for Order to Show Cause and for Extreme and Punitive Damages Against Mick Chapel, Jennifer Chapel, Joseph Manges, Steven Long for Violations of Title 11 Section 362(a) Under Provisions of Title 11 Section 362(h); and Request for Relief* at 4, *in* Chapels' Appendix to Opening Br. at 145, 148.

-5-

cross-appeal pending resolution of the District Court appeal. The District Court has affirmed the bankruptcy court's calculation of damages, and expressly left it to this Court to review the bankruptcy court's ruling that a violation of § 362 took place.[13] The ruling of the District Court is final, and we can dispose of this cross-appeal.

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[14] Neither party elected to have this cross-appeal heard by the United States District Court for the District of New Mexico. The parties have therefore consented to appellate review by this Court.

A decision is considered final "if 'it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[15] In this case, the bankruptcy court found a stay violation and entered sanctions against the Appellants. Nothing remains for the trial court's consideration. Thus, the decision of the bankruptcy court is final for purposes of review.

## III. ISSUE ON APPEAL

The only issue on appeal is whether the Appellants' mailing and court filing of the Foreclosure Notice less than ten days after the entry of the Order Granting Relief constitutes a willful violation of the automatic stay.

---

[13] *See* Order and Judgment entered on June 29, 2007, in CIV 06-0855 and underlying Magistrate Judge's Report and Recommendation. Additionally, on July 31, 2007, the District Court entered an order denying Derringer's Motion for Reconsideration of such Order and Judgment.

[14] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L.R. 8001-1(a) & (d).

[15] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

-6-

## IV. STANDARD OF REVIEW

In *In re Diviney*, this Court previously held that

> "Whether a party's actions have violated the automatic stay is a question of law which is reviewed *de novo*." *Barnett v. Edwards (In re Edwards)*, 214 B.R. 613, 618 (9th Cir. BAP 1997) (citations omitted). We review the bankruptcy court's finding that a creditor's action constituted a willful violation of the stay for clear error. *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 167 (9th Cir. BAP 1995); *Franchise Tax Bd. Roberts (In re Roberts)*, 175 B.R. 339, 343 (9th Cir. BAP 1994).[16]

There is no reason to depart from the standard of review outlined in *Diviney*.

## V. ANALYSIS

### A. *The argument that the alleged postponement of the foreclosure sale does not constitute a violation of the stay is reviewable on appeal.*

Derringer contends that Appellants are prevented from asserting that the mailing and filing of the Foreclosure Notice did not violate the automatic stay because Appellants did not present this argument to the bankruptcy court before it was argued to this Court in the previous appeal. It is true that, prior to our remand of this case, counsel for the Chapels never expressed to the bankruptcy court (either at the hearing or in the pleadings) that "the actions taken in furtherance of the foreclosure sale do not violate the automatic stay." However, this entire proceeding is about whether or not Appellants violated the stay, and the bankruptcy court ruled that there had been a willful violation. Additionally, Appellants did not concede that they had violated the stay.

In the previous appeal, this Court exercised its discretion not to hear Appellants' argument.[17] However, since the bankruptcy court chose not to review

---

[16] *Diviney v. NationsBank of Tex., N.A. (In re Diviney)*, 225 B.R. 762, 769 (10th Cir. BAP 1998).

[17] *See In re Derringer*, NM-05-077, NM-05-097, 2005 WL 3105619, *3 (10th Cir. BAP November 21, 2005). As a general rule, appellate courts do not consider an issue not presented to the trial court. *Lyons v. Jefferson Bank &*
(continued...)

the issue on remand, this Court will exercise its discretion to consider this argument on appeal.[18] If we decline to do so, the finding that a willful violation of the automatic stay occurred in this case would never be reviewed.

### B.    *The mailing and filing of the Foreclosure Notice is a violation of the automatic stay.*

Rule 4001(a)(3) operates to postpone the effectiveness of an order granting relief from the automatic stay for a period of ten days.[19] As noted by the advisory committee, "[w]hile the enforcement and implementation of an order granting relief from the automatic stay is temporarily stayed under paragraph (a)(3), the automatic stay continues to protect the debtor, and the moving party may not foreclose on collateral or take any other steps that would violate the automatic stay."[20] The purpose of this Rule, added in 1999, is to give debtors the

---

[17] (...continued)
*Trust*, 994 F.2d 716, 721 (10th Cir. 1993).

[18] Appellate courts retain discretion to consider issues for the first time on appeal based on the facts of the individual case. *Ross v. U.S. Marshal for E. Dist. of Okla.*, 168 F.3d 1190, 1195 n.5 (10th Cir. 1999). Additionally, appellate courts are more likely to exercise such discretion when the issue is a pure matter of law. *See id.; Grubb v. FDIC*, 833 F.2d 222, 224 (10th Cir. 1987); *Stahmann Farms, Inc. v. United States*, 624 F.2d 958, 961 (10th Cir. 1980). In this case, the primary inquiry is whether the Appellants' action violated the automatic stay, and that determination is one of law.

[19] Federal Rule of Bankruptcy Procedure 4001 provides in pertinent part:

  (a)   Relief from stay; prohibiting or conditioning the use, sale, or lease of property

  . . .

  (3)   Stay of order

      An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.

[20] Fed. R. Bankr. P. 4001(a)(3) advisory committee notes (1999 Amendments); *see also In re Banks*, 253 B.R. 25, 28-29 (Bankr. E.D. Mich. 2000).

-8-

opportunity to request a stay pending an appeal of the order lifting the automatic stay prior to enforcement or implementation of the order.[21]

In this case, contrary to what Appellants assert in their brief, not only was the Foreclosure Notice mailed during the Rule 4001(a)(3) period, it was also filed with the state court within that ten-day period.[22] Accordingly, we consider the filing of the Foreclosure Notice with the state court as an action which potentially violated the automatic stay.

On appeal, Appellants argue that "continuation" or "postponement" of a foreclosure sale in a prepetition action does not violate the automatic stay. As discussed below, in certain instances, case law supports such a proposition. The key question is whether the actions taken by Appellants operated to postpone a foreclosure sale which was previously pending or whether they initiated a new sale.

The Chapels were granted the right of foreclosure by a New Mexico state court on February 13, 2004. The first foreclosure sale was scheduled for April 2, 2004. On March 31, 2004, Derringer's wife, Susan Nevitt, filed her Chapter 7 bankruptcy petition. The Chapels obtained relief from the automatic stay on September 30, 2004, and the foreclosure sale was then scheduled for October 8, 2004. On October 6, 2004, Derringer filed his Chapter 13 petition. The Chapels then filed a motion to modify the automatic stay on October 29, 2004. A conditional order was entered on December 27, 2004.

The automatic stay was finally lifted as to the Chapels by the bankruptcy court order dated June 28, 2005. Appellants then took the actions – mailed and

---

[21] Fed. R. Bankr. P. 4001(a)(3) advisory committee notes (1999 Amendments).

[22] The Order Granting Relief was entered on June 28, 2007. Manges mailed the Foreclosure Notice on July 5, 2007, and it was filed with the New Mexico state court on July 8, 2007.

-9-

filed the Foreclosure Notice during the Rule 4001(a)(3) period – that were determined by the bankruptcy court to be violations of the stay. It is beyond dispute that the August 11, 2005, sale date is the product of a prepetition foreclosure action. That does not, however, mean that the August 11, 2005, sale date constitutes a "continuation" or "postponement" of previously scheduled foreclosure sales.

The two primary cases relied upon by Appellants in their brief are *In re Roach ("Roach")*[23] and *Taylor v. Slick ("Taylor")*.[24] In *Roach*, the United States Court of Appeals for the Ninth Circuit[25] held that postponement notices which specify a new foreclosure sale date do not violate the automatic stay.[26] In support of its conclusion, the court stated, "[t]he automatic stay does not necessarily prevent all activity outside the bankruptcy forum[,]" and "[h]ere the [creditor] merely maintained the status quo, and did not harass, interfere or gain any advantage. This is consistent with the purpose of the automatic stay provision."[27] In *Taylor*, the Third Circuit held that the continuance of a sheriff's sale ***in accordance with state law procedure*** during the pendency of an automatic stay does not violate § 362(a)(1).[28] The Third Circuit also focused on the preservation of the status quo, and stated that "[a]lthough a new proposed sale date was announced, no act had occurred that prejudiced [debtor] or otherwise altered his

---

[23] *First Nat'l Bank v. Roach (In re Roach)*, 660 F.2d 1316 (9th Cir. 1981).

[24] *Taylor v. Slick*, 178 F.3d 698 (3d Cir. 1999).

[25] All future references to a "Circuit" or "Circuits" are to the United States Court of Appeals for such circuit or to courts within such circuit.

[26] *In re Roach*, 660 F.2d at 1318.

[27] *Id.* at 1319.

[28] *Taylor v. Slick*, 178 F.3d at 701.

-10-

position with respect to the property."²⁹ These two cases have been cited to and relied upon to reach the same results by courts in many cases in the Ninth and Third Circuits.³⁰ Additionally, they have been relied upon by courts in the First, Fourth, Sixth, and Eighth Circuits.³¹ There are no published decisions on this issue within the Tenth Circuit.³²

A critical requirement in reaching the conclusion that there was no stay violation is a finding that the postponement of the foreclosure sale is done in accordance with state law procedure. As stated by a Pennsylvania bankruptcy court:

> At the outset, the Court has been impressed with the sheer volume of authority that supports the Bank's position. As to whether the ***postponement of a sale in accordance with state law procedure*** during the pendency of the automatic stay is a violation of the automatic stay, every court that has studied this specific issue (and not been reversed) has found no violation.³³

In the Pennsylvania cases of *Taylor* and *Roche*, a Pennsylvania Rule of Civil Procedure specifically authorized the creditors to "postpone" the foreclosure sale without renotification. At the time, the Pennsylvania rule provided as follows:

---

²⁹ *Id.* at 702.

³⁰ *See, e.g., In re Peters*, 101 F.3d 618, 619 (9th Cir. 1996); *In re St. Clair*, 251 B.R. 660, 669 (D. N.J. 2000), *aff'd*, 281 F.3d 224 (3d Cir. 2001); *In re Townsville*, 268 B.R. 95, 125 (Bankr. E.D. Pa. 2001); *In re Fritz*, 225 B.R. 218, 219-20 (E.D. Wash. 1997).

³¹ *See, e.g., Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 508-09 (E.D. Mich. 2004), *aff'd*, 192 F. App'x 369 (6th Cir. 1006); *Zeoli v. Riht Mortgage Corp.*, 148 B.R. 698, 701 (D. N.H. 1993); *In re Fine*, 285 B.R. 700, 702 (Bankr. D. Minn. 2002); *In re Heron Pond, LLC*, 258 B.R. 529, 530 (Bankr. D. Mass. 2001); *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp. (In re Atlas Mach. & Iron Works, Inc.)*, 239 B.R. 322, 329-333 (Bankr. E.D. Va. 1998).

³² There is one unpublished decision of the United States Court of Appeals for the Tenth Circuit that states mailing of a "Notice of Hearing Motion to Confirm and Approve Sheriff's Sale" was a violation of Rule 4001(a)(3). However, this statement is made in a footnote and the details of the facts are not given. *In re Conner*, 37 F. App'x 445, 448 n.3 (10th Cir. 2002).

³³ *Roche v. Franklin First Fed. Sav. Bank (In re Roche)*, 228 B.R. 102, 103 (Bankr. M.D. Pa. 1998) (emphasis added) (hereafter *"Roche"*).

-11-

> If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred days of the scheduled sale, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required, but there may be only one such stay, continuance, postponement or adjournment without new notice.[34]

Here, Appellants have not brought to this Court's attention any similar rule in New Mexico, nor have we been able to locate one. Even if there were a similar rule in New Mexico, the Appellants did not announce a "postponed" sale date at an originally scheduled sale. Rather, Appellants began the sale process anew by filing with the New Mexico state court a notice of a new foreclosure sale and providing Derringer with notice of that sale. The August 11, 2005, sale was not a "postponed" sale which somehow related back to the sale scheduled on October 8, 2004.

The August 11, 2005, date is analogous to a foreclosure sale which a creditor attempts to conduct for the first time postpetition. When a foreclosure sale is *initially* scheduled postpetition, case law holds that actions in furtherance of the foreclosure sale are violations of the automatic stay. In *In re Ring*,[35] a Georgia bankruptcy court held that advertising of a foreclosure sale prior to obtaining relief from the automatic stay constituted a violation, stating that "[a]dvertising for foreclosure is clearly the sort of creditor action that is stayed by sections 362(a)(1), (3), (4) and (5)."[36] In *In re Franklin Mortgage and Investment Co., Inc.*,[37] a District of Columbia bankruptcy court held that a stay violation occurred when creditor's counsel sent a notice of sale to the clerk of a circuit

---

[34] Pa. R. C. P. No. 3129.3(b). The rule has now been amended to permit two postponements within a period of 130 days of the scheduled sale without giving new notice.

[35] *Barnett Bank of Se. Ga., N.A. v. Trust Co. Bank of Se. Ga., N.A. (In re Ring)*, 178 B.R. 570 (Bankr. S.D. Ga. 1995).

[36] *Id.* at 574.

[37] 143 B.R. 295 (Bankr. D. D.C. 1992).

-12-

court directing the clerk to publish a notice of judicial sale. As stated by that court, "[t]hat act, and the act alone, constituted a contempt: [creditor's counsel] was aware of the automatic stay, the statute unambiguously prohibited acts to enforce the mortgage lien, and causing court publication of notice violated those prohibitions."[38] And in *In re Demp*,[39] a Pennsylvania bankruptcy court found a stay violation and held creditor's counsel in contempt of court when he caused the debtor's property to be posted for sheriff's sale postpetition.[40]

After the parties to this appeal submitted their briefs, the United States Court of Appeals for the Tenth Circuit decided the case of *In re Duran* (*"Duran"*).[41] In *Duran*, the court ruled that, under § 362(e)(1), the automatic stay terminates as a matter of law thirty days after the filing of a motion for relief, "unless the court orders the automatic stay continued."[42] The facts of *Duran* are dissimilar to the facts of this case. In *Duran*, the bankruptcy court unconditionally granted the motion for relief, and the creditor took immediate steps to repossess its collateral. Here, instead of granting relief, the bankruptcy court issued the December 27 Order which conditionally maintained the automatic stay. Conditional orders are expressly contemplated by § 362(d)[43] and absolutely crucial to the administration of bankruptcy cases in a varying range of

---

[38] *Id.* at 303.

[39] 23 B.R. 239 (Bankr. E.D. Pa. 1982).

[40] *Id.* at 240.

[41] 483 F.3d 653 (10th Cir. 2007).

[42] *Id.* at 655 (citation to bankruptcy court decision omitted).

[43] *See* § 362(d) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, *such as by terminating, annulling, modifying, or conditioning such stay . . .*") (emphasis added).

-13-

circumstances.[44] The December 27 Order was entered within the time frames contemplated under § 362(e). We conclude that the entry of the December 27 Order satisfied the requirements of § 362(e) and *Duran* and prevented the stay from terminating as a matter of law. Any other ruling would eviscerate the ability of a bankruptcy court to issue orders which allowed the automatic stay to remain in effect so long as certain conditions were met. We do not believe that such a result was intended under *Duran*.

The automatic stay was still in effect when Appellants mailed the Foreclosure Notice to Derringer and caused it to be filed in the New Mexico state court. These actions did not constitute a "postponement" or "continuation" of a previously scheduled foreclosure sale. Instead, they served to initiate an entirely new sale. The bankruptcy court's determination that the filing and mailing of the Foreclosure Notice was a willful violation of the automatic stay was not clearly erroneous.

## VI. CONCLUSION

The decision of the bankruptcy court is affirmed.

---

[44] For example, bankruptcy courts often enter orders agreed to by a debtor and a mortgagee maintaining the automatic stay in place so long as certain conditions (such as timely payments being made upon the debt) are complied with. If the debtor fails to comply with the conditions, the mortgagee is then free to submit an order to the bankruptcy court granting relief from the automatic stay. These orders, colloquially referred to as "drop dead" orders, are a linchpin in the bankruptcy process, as they allow debtors and creditors to reach agreement and settle their differences without litigation.

-14-